IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br>    AgFeed USA, LLC, et al.<br>                    Debtors. | Chapter 11<br>Case No. 13-11761 (BLS)<br>(Jointly Administered) |
| JLL CONSULTANTS, INC. not individually but solely as Trustee of the AgFeed Liquidating Trust,<br>                    Plaintiff<br>v.<br>GOLDMAN KURLAND & MOHIDIN, LLP,<br>PICKARD AND GREEN, CPAs,<br>FOUR TONG INVESTMENTS, LTD.<br> a/k/a and/or d/b/a<br>FOUR TONG INVESTMENT, LTD. and<br>JOHN DOE DEFENDANTS 1 THROUGH 10,<br>                  Defendants. | Adv. Pro. NO.: 15-50929-BLS |

**MOTION OF DEFENDANT PICKARD AND GREEN, CPAS
FOR DETERMINATION OF AUTHORITY TO ENTER FINAL ORDERS
AND JUDGMENTS PURSUANT TO LOCAL RULE 5011-1**

Pickard and Green CPAs (the Movant referred to hereafter as "Pickard"), Defendant in the above-captioned adversary proceeding, by and through its undersigned counsel, hereby submits this motion ("Motion") for an Order, substantially in the form of the attached, determining that the Court does not have authority to enter final orders or judgments in this adversary proceeding because the proceeding is non-core. On November 11, 2015, Pickard filed a Motion to Withdraw the Reference (D.I. 12), which was transferred to the District Court on December 1, 2015. Defendant Goldman Kurland & Mohidin, LLP, on December 4, 2015, also filed a Motion for Withdrawal of Reference (D.I. 20). In support of the Motion and the relief sought herein, Pickard respectfully represents as follows:

1

12330/30480.001

I. **STATEMENT OF FACTS**

1. On or about July 15, 2013, AgFeed USA, LLC, et al. ("AgFeed" or "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On or about November 4, 2014, the Court approved the Debtors' Revised Second Amended Chapter 11 Plan of Liquidating Supported by the Official Committee of Equity Security Holders and JLL Consultants, Inc. was appointed Liquidating Trustee of the Debtor ("Trustee").

2. The Trustee commenced an adversary proceeding against Defendants Pickard and Goldman Kurland & Mohidin, LLP, Four Tong Investments, Ltd. a/k/a and/or d/b/a Four Tong Investment, Ltd. and John Doe Defendants 1 through 10, by filing a Complaint on July 15, 2015, alleging at Counts I and III accounting malpractice, as to Pickard.[1]

3. In the Complaint, the Trustee contends AgFeed was born out of the reverse merger of a Chinese-based hog and feed producer and Wallace Mountain Resources Corp., a Nevada shell which became AgFeed (Complaint ¶ 1). It is further alleged that AgFeed operated solely in China until the Summer of 2010 at which time it purchased a U.S. based hog producer, M2P2, and began to transition to a U.S. centric board of directors and officers (Complaint ¶¶ 2, 11). It is alleged that pursuant to an engagement letter (not attached to the Complaint) dated January 7, 2010, Pickard agreed to perform certain non-audit services for AgFeed (Complaint ¶¶ 13, 100). Counts I (professional negligence) and III (breach of contract) are the only counts directed against Pickard, which is alleged to be based in Valeria, California (Complaint ¶ 13).

4. The Complaint alleges "[Pickard] negligently compiled and reviewed the Company's annual and quarterly financial statements" (Complaint ¶ 105). The harm allegedly caused by said unaudited numbers is not explained anywhere in the Complaint. However, the

---

[1] The Complaint is attached hereto as Exhibit "A."

Complaint does allege massive fraud by AgFeed upon the investing public arising out of AgFeed's China based operations which apparently kept two sets of books – one true and one to support the financial statements. While the Complaint does not specify damages, the Trustee is believed to be seeking over $18,000,000.

5. As mentioned above, the Trustee asserts only a state law claim against Pickard for accounting malpractice.

## II. RELIEF REQUESTED

6. Pickard respectfully moves the Court for a determination pursuant to 28 U.S.C. §157(b)(3) and Local Rule 5011-1 that the claims in this proceeding are non-core, and that the Court accordingly does not have authority to enter final orders and judgments in this proceeding.

## III. ARGUMENT

7. 28 U.S.C. §157(b)(3) provides that a bankruptcy judge "shall determine ... on timely motion of a party, whether a proceeding is a core proceeding ... or is a proceeding that is otherwise related to a case under title 11." Local Rule 5011-1 also requires a party filing a motion to withdraw the reference of a proceeding from the bankruptcy court to file a motion with the bankruptcy court for a determination of the bankruptcy court's authority to enter final orders and judgments in the proceeding. Because the claims asserted in this adversary proceeding are non-core, Pickard respectfully submits that the Court must determine that it does not have the authority to enter final judgments or orders in this proceeding.

8. Under the Third Circuit's definition of what constitutes a core proceeding, a proceeding is core only "(1) if it invokes a substantive right provided by title 11, or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d at 836 (3rd Cir. 1999); *See also Official Comm. of Unsecured Creditors of*

*Integrated Health Servs. v. Elkins (In re integrated Health Servs.), Inc.*, 291 B.R. 615, 618 (Bankr. D. Del. 2003). The inquiry as to whether a claim is core may begin with examining whether the claim is included in the list of core claims identified in 28 U.S.C. §157(b). Per the terms of the statute, however, that list is not all-inclusive and, more importantly, even if the claim at issue might fall within one of the categories on the list, the analysis suggested by the Third Circuit in *Halper* must still be completed to ensure that the bankruptcy court is constitutionally authorized to treat the claim as a core claim. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011). Here, the claims asserted by the Trustee do not fall within the scope of any of the categories identified as core claims in 28 U.S.C. §157(b).

9. Pursuant to 28 U.S.C. §157(b)(2) core proceedings include, but are not limited to:

  (A) matters concerning the administration of the estate;

  (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

  (C) counterclaims by the estate against person filing claims against the estate;

  (D) orders in respect to obtaining credit;

  (E) orders to turn over property of the estate;

  (F) proceedings to determine, avoid, or recover preferences;

  (G) motions to terminate, annul, or modify the automatic stay;

  (H) proceedings to determine, avoid, or recover fraudulent conveyance;

  (I) determination as to the dischargeability of particular debts;

  (J) objections to discharges;

    (K)    determination of the validity, extent, or priority of liens;

    (L)    confirmations of plans;

    (M)    orders approving the use or lease of property, including the use of cash collateral;

    (N)    orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

    (O)    other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. §157(b)(2).

10. Additionally, the United States Supreme Court has consistently held that common law claims arising under state law are not "core" proceedings. *Stern v. Marshall*, 131 S. Ct. 2594, 2611, 180 L.Ed. 2d 475 (2011) (bankruptcy court lacked constitutional authority to "resolve and enter final judgment on a state common law claim").[2]

11. In *Pelullo*, the debtor brought an adversary action against a law firm asserting a claim of legal malpractice. *Pelullo v. Kerr, Russell & Weber (In re Pelullo)*, 1997 U.S. Dist. LEXIS 12324, *5, 1997 WL 535155, *2 (E.D. Pa. Aug. 15, 1997). The debtor alleged that the defendant law firm provided legal services to a company in which the debtor was a director and consultant. *Pelullo*, 1997 U.S. Dist. LEXIS 12324, at *2. The debtor alleged that the defendant made material misrepresentations regarding the financial condition of the company based upon which he became a director and as a result of which, he was forced to defend himself and incurred liability in civil and criminal actions based upon the activities that led to the company's

---

[2] The fact that Pickard filed a proof of claim for unpaid fees in a nominal amount does not alone transform the adversary proceeding against it into a core proceeding. *See Complete Management, Inc. v. Arthur Anderson, LLP*, 2002 U.S. Dist. Lexis 18344, *11 (S.D. N.Y. 2002).

insolvency. *Id.* at *2-3. The debtor asserted the following state law claims against the law firm: (1) fraud; (2) breach of fiduciary duty; and (3) legal malpractice.

12. While defendants' motion to dismiss was pending, defendant moved the district court to withdraw the reference to the bankruptcy court for cause, contending that the proceeding was non-core. *Id.* at *4. The district court found that a proceeding is core if it "invokes a substantive right provided by Title 11 or it if it is a proceeding that by its nature could arise only in the context of a bankruptcy case." *Id.* at *5. There was no dispute that the state law legal malpractice action was a non-core proceeding. *Pelullo,* 1997 U.S. Dist. LEXIS 12324, at *5. The district court then held that given that the complaint presented non-core related claims, cause existed to withdraw the reference as to do so would reduce forum shopping and confusion, foster the economical use of the debtors' and creditors' resources, and expedite the bankruptcy process. *Id.* at *6.

13. The district court further found that to permit the matter to proceed in bankruptcy court, even for preliminary matters, would require duplication of the bankruptcy court's efforts since the defendants had not consented to entry of final judgment by the bankruptcy court. *Id.* Under those circumstances, the district court would have to review the bankruptcy court's orders *de novo* and conduct a jury trial without the benefit of having overseen pre-trial matters. Further, the Court held that the debtor's state law claims "are not the type of clams typically heard in the bankruptcy court and could require extensive discovery and instructions to the jury on the law of Pennsylvania or possibly another state." *Id.* at *6-7 (emphasis added).

14. Similarly, in *Complete Management, Inc.*, the committee of unsecured creditors of a debtor filed an adversary proceeding against the debtor's accounting firm alleging that the accounting firm was negligent in the performance of its duties for the debtor resulting in its

insolvency. *Complete Management, Inc. v. Arthur Andersen, LLP,* 2002 U.S. Dist. LEXIS 18344, *2 (S.D.N.Y. Sept. 27, 2002). The plaintiff alleged that the defendant's audits of the debtor's financial statements were deficient for failing to detect alleged reporting errors. *Id.* The plaintiff asserted state law claims of negligence/malpractice and breach of fiduciary duty. *Id.* The defendant accounting firm moved for withdrawal of the reference of the action to bankruptcy court for cause shown contending that the action was not a core proceeding. *Id.* at *3.

15. The district court noted that a non-core proceeding involves disputes over rights that have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case. *Id.* at *5. In support of its contention that the malpractice proceeding was a core proceeding, the plaintiff argued that the lawsuit was an asset of the bankruptcy estate and its determination affected the value of the debtor's assets, and therefore affected the liquidation of the assets of the estate. *Id.* at *9-10. The district court "categorically" rejected this argument finding that "every claim of a debtor in bankruptcy is an asset of the estate, which, if successful, will inure to the benefit of the estate. To interpret the language of §157(b)(2)(O) so broadly would render the distinction between core and non-core claims meaningless." *Id.* at 10 (citations omitted).

16. The plaintiff also argued that the litigation became a core proceeding by virtue of the fact that the defendant had filed a proof of claim in the bankruptcy action. *Id.* at *11. The district court dismissed this argument as well but further found that even if the litigation could be considered a core proceeding on that basis, other factors favored the discretionary withdrawal of the adversary proceeding. *Id.* The district court found that the claims against the accounting firm were based in tort, had no relation to bankruptcy law, and would certainly still exist in the absence of the bankruptcy proceeding. *Id.* at *12. Further, the district court found it significant that the

claims arose pre-petition. *Id.* The district court held that the consideration of efficiency and fairness favored withdrawal of the reference for the adversary proceeding and the motion was granted. *Id.*

17. Similar to the situation in *Pelullo* and *Complete Management*, the claims against Pickard arise solely out of state law and arose, if at all, pre-petition. The claim asserted, accounting malpractice, would exist in the absence of the bankruptcy proceeding, does not invoke a substantive right protected in Title 11, is the type of claim ordinarily handled outside of the bankruptcy courts, and does not involve any issues of bankruptcy law. Additionally, the United States Supreme Court in *Stern* held that the bankruptcy court lacked constitutional authority to "resolve and enter final judgment on a state common law claim," such as this accounting malpractice claim.

WHEREFORE, for the reasons set forth herein, Defendant, Pickard and Green, CPAs, respectfully requests that this Court (i) find that the claims in the Trustee's Complaint are non-core claims and enter the proposed Order; and (ii) grant such other and further relief as may be just and proper.

Respectfully Submitted,

**SEITZ, VAN OGTROP & GREEN, P.A.**

Dated:  December 23, 2015     By:    /s/ Kevin A. Guerke
James S. Green, Sr. (DE0481)
Kevin A. Guerke (DE4096)
Jared T. Green (DE5179)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
Tel: (302) 888-0600
Fax: (302) 888-0606
jgreen@svglaw.com
kguerke@svglaw.com
jtgreen@svglaw.com

- and -

Jonathan K. Hollin *(pro hac vice)*
Mary J. Pedersen *(pro hac vice)*
**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
475 Allendale Road, Suite 200
King of Prussia, PA 19406
jhollin@powelltrachtman.com
mpedersen@powelltrachtman.com
Tel: (610) 354-9700
Fax: (610) 465-9760

*Attorneys for Defendant,*
*Pickard and Green, CPAs*